Filed 12/22/25  P. v. McKinney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C100636 |
| Plaintiff and Respondent, | (Super. Ct. No. SCCR-CRF-2020-586) |
| v. | |
| JEREMY DEE CHARLES MCKINNEY, | |
| Defendant and Appellant. | |

After a jury convicted defendant Jeremy Dee Charles McKinney of corporal injury of a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)) and two misdemeanor offenses, the trial court sentenced him to the upper term of five years in prison.[1]  On appeal, McKinney contends that the court violated his rights under the Sixth Amendment and section 1170, subdivision (b) by imposing the upper term based on aggravating factors found true by the court, without obtaining a personal waiver of his right to a jury trial.

---

[1]  Undesignated statutory references are to the Penal Code.

He further contends that his five-year sentence was unauthorized because the record lacks an express finding that he suffered a prior conviction that would subject him to the aggravated penalty provision of section 273.5, subdivision (f)(1).

The People concede, and we agree, that imposition of the upper term based on judge-found facts, without McKinney's express waiver of his jury trial right, violated the Sixth Amendment. We also agree that the error was not harmless. As to McKinney's section 273.5 argument, we conclude that any failure to make the necessary finding to trigger the aggravated penalty provision was harmless. McKinney will therefore remain subject to section 273.5, subdivision (f)(1) on resentencing.

BACKGROUND

A first amended consolidated information charged McKinney with corporal injury of a spouse or cohabitant (§ 273.5, subd. (a); count one), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count two), and misdemeanor violation of a protective order (§ 166, subd. (c)(1); count three). As to count one, the information alleged that McKinney had suffered a conviction for corporal injury of a spouse or cohabitant within seven years of the offense, exposing him to the increased penalties provided in section 273.5, subdivision (f)(1). The information also pleaded three aggravating sentencing factors: that McKinney's prior convictions were numerous and of increasing seriousness, that he had served a prior prison term, and that his prior performance on probation and parole was unsatisfactory.

In February 2024, a jury convicted McKinney on all three counts. After receiving the jury's verdicts, the trial court asked whether the adjudication of the aggravating factors and prior convictions would proceed by court trial. Defense counsel answered affirmatively, and counsel for both parties stipulated that the jury could be excused. The jury was excused, and a bench trial was held on the prior convictions and aggravating factors. The prosecution moved to admit a certified copy of McKinney's rap sheet from the California Law Enforcement Telecommunications System.

2

After reviewing that document as well as all of the evidence adduced at trial, the trial court found beyond a reasonable doubt that McKinney "ha[d] suffered multiple prior convictions . . . at the felony level." The court observed that McKinney's record "starts out with more misdemeanors and then moves to felonies and then additional felonies. So it's one that shows that it's increasing in seriousness." The court further found beyond a reasonable doubt that McKinney had served a prior prison term and that his performance on "probation and/or parole was unsatisfactory."

At a sentencing hearing the following month, the trial court imposed the upper term sentence of five years for count one, as probation had recommended. The court explained: "I think it's appropriate in this matter considering the – I'm aware of the prior felony convictions, three prior domestic violence felony convictions, along with the prior state prison sentence for domestic violence. I think that the upper term is appropriate. There were aggravating factors that were admitted to." The court imposed a concurrent sentence of 180 days in county jail for the misdemeanor counts two and three.

McKinney timely appealed.

DISCUSSION

I.

McKinney contends that the trial court violated the Sixth Amendment and section 1170, subdivision (b)(2) by conducting a bench trial on the aggravating factors without first obtaining his personal waiver of his right to a jury trial on those factors. He further contends that these violations were prejudicial and require remand for resentencing. Relying primarily on *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*), which issued after McKinney's opening brief was filed, the People agree with both contentions. We agree as well.

The federal constitution guarantees criminal defendants the right to a jury trial on "all aggravating facts, other than a prior conviction, relied upon to justify an upper term sentence." (*Wiley*, *supra*, 17 Cal.5th at p. 1078.) A waiver of this right must be express.

3

(*Patton v. United States* (1930) 281 U.S. 276, 312 [requiring, in addition to consent of government counsel and trial court, "the express and intelligent consent of the defendant"], abrogated on other grounds by *Williams v. Florida* (1970) 399 U.S. 78; *Adams v. United States ex rel. McCann* (1942) 317 U.S. 269, 277-278 [reaffirming requirement of "express, intelligent consent"]; see also *People v. French* (2008) 43 Cal.4th 36, 47-48.)

In this case, the trial court did not state at sentencing exactly which aggravating factors it was relying on to impose the upper term, but it noted "[t]here were aggravating factors that were admitted to." While McKinney had not *admitted* any of the alleged aggravating factors, we understand the court's observation to indicate that it was relying on each of the three aggravating factors the court had previously found true: that McKinney's prior convictions were of increasing seriousness, that he had served a prior prison term, and that his prior performance on probation and/or parole was unsatisfactory.

Under controlling case law, McKinney was entitled to have the truth of at least two of these aggravating factors decided by a jury. In *Erlinger v. United States* (2024) 602 U.S. 821, 838, the United States Supreme Court held that the " 'narrow exception' permitting judges to find only 'the fact of a prior conviction' " allowed a sentencing judge to " 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " In *Wiley*, our state high court concluded that, "[u]nder the principles articulated in *Erlinger*, . . . the Sixth Amendment requires a jury determination of . . . the 'increasing seriousness' of a defendant's prior convictions (Cal. Rules of Court, rule 4.421(b)(2)) and 'unsatisfactory' 'performance on probation' (*id.*, rule 4.421(b)(5)), before those facts can be used to justify an upper term sentence" without a defendant's stipulation or waiver. (*Wiley*, *supra*, 17 Cal.5th at p. 1082; see *id.* at pp. 1083-1084 [concluding that both require determinations that go beyond the mere existence of a prior conviction and its

4

elements].)[2]  Here, however, the trial court found both factors true without a stipulation or jury trial waiver from McKinney.  Although McKinney's counsel expressed willingness to proceed with a court trial and stipulated to the jury's excusal, that does not substitute for obtaining an express waiver from McKinney himself.  (*Patton v. United States*, *supra*, 281 U.S. at p. 312; see *People v. French*, *supra*, 43 Cal.4th at p. 47 ["express waiver" is required "even in cases in which the circumstances make it apparent that all involved—the trial court, the prosecutor, defense counsel, and the defendant— assumed that the defendant had waived or intended to waive the right to a jury trial"].) Accordingly, a Sixth Amendment violation occurred.[3]

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review."  (*Wiley*, *supra*, 17 Cal.5th at p. 1087; see *People v. Lynch* (2024) 16 Cal.5th 730, 742-743 (*Lynch*); *Chapman v. California* (1967) 386 U.S. 18.)  Under that standard, a Sixth Amendment violation "is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true *all* of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements."  (*Lynch*, at p. 768, italics added.)  "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue."  (*Wiley*, at p. 1087, quoting *Neder v. United States* (1999) 527 U.S. 1, 19.)

---

[2]  Undesignated rule references are to the California Rules of Court.

[3]  The parties do not address, and we do not decide, whether the third factor found true (McKinney's service of a prior term in prison (rule 4.421(b)(3))) may be determined by a trial court rather than a jury.

We agree with the parties that the failure to conduct a jury trial on both aggravating facts was prejudicial. As explained in *Wiley*, the determination of whether a defendant's prior convictions are "of increasing seriousness" (rule 4.421(b)(2)) "is a comparative and qualitative one." (*Wiley*, *supra*, 17 Cal.5th at p. 1090.) That makes it " ' "difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Lynch*, *supra*, 16 Cal.5th at p. 775.) While the trial court viewed McKinney's criminal history as beginning with more misdemeanors and then progressing to felonies, the probation report reveals a mix of misdemeanor and felony convictions throughout various periods.[4] As both parties point out, a rational jury could have viewed McKinney's current conviction for felony domestic violence as no more serious than his prior convictions for felony domestic violence. Accordingly, we cannot conclude beyond a reasonable doubt that a jury would have found McKinney's criminal convictions were of increasing seriousness. (*Wiley*, at p. 1090.)

We reach the same conclusion with respect to whether McKinney's performance on probation was "unsatisfactory." (Rule 4.421(b)(5).) The trial court did not explain the basis of its true finding for this factor, but the probation report stated that McKinney "committed [a] new offense while on a grant of probation which sent him to prison." Even so, as explained in *Wiley*, "we cannot discount the possibility that either counsel in a contested jury trial might have presented live testimony on this factor that would have affected the jury's determination." (*Wiley*, *supra*, 17 Cal.5th at p. 1091.) "Nor can we

---

[4] In *Wiley*, our high court observed that *Erlinger v. United States*, *supra*, 602 U.S. at pages 839-842 "seems to make clear" that trial courts may not rely on information in a probation department presentence report to impose an upper term sentence. (*Wiley*, *supra*, 17 Cal.5th at p. 1081, fn. 5.) The court nevertheless approved relying on a probation report, as McKinney does here, when assessing prejudice. (See *id.* at p. 1090, fn. 14.)

6

discount the possibility that a rational jury could have disagreed as to whether the People had proved that [McKinney's] *overall performance* on probation was unsatisfactory." (*Ibid.*) Thus, we cannot conclude beyond a reasonable doubt that a jury would have found true all of the aggravating factors on which the trial court relied in imposing an upper term sentence. (*Lynch*, *supra*, 16 Cal.5th at p. 768.) Nor were those facts otherwise proved true in compliance with section 1170, subdivision (b), as McKinney did not stipulate to them or waive his right to a jury trial. (*Id.* at pp. 768-769.)

Accordingly, McKinney's sentence must be reversed and the case remanded to give the People an opportunity to retry the aggravating facts (*Lynch*, *supra*, 16 Cal.5th at p. 776) or obtain a personal waiver of a jury trial, followed by a full resentencing.

## II.

McKinney also contends that the trial court erred by imposing a five-year sentence without finding that he suffered a prior conviction that would subject him to the aggravated penalty provision of section 273.5, subdivision (f)(1). The People argue that there was no error and, alternatively, that any error was harmless.

Section 273.5, subdivision (a) makes it a crime to willfully inflict corporal injury on a spouse or cohabitant. Violators may be punished by two, three, or four years in state prison. (§ 273.5, subd. (a).) Section 273.5, subdivision (f)(1) provides that "[a] person convicted of violating this section for acts occurring within seven years of a previous conviction under subdivision (a)" may be imprisoned for two, four, or five years.

Under these provisions, sentencing McKinney to an upper term of five years, rather than four years, required a finding that he had suffered a prior conviction under section 273.5 within seven years of the offense underlying count one. The information alleged a qualifying prior conviction under section 273.5, subdivision (f)(1), specifying a 2014 domestic corporal injury offense, but the record contains no express factual finding that this prior conviction allegation was true. McKinney does not argue that he was entitled to a jury finding on the truth of the section 273.5, subdivision (f)(1) prior

7

conviction allegation. He argues only that he was entitled to an express finding of that fact by the trial court and that the court's omission was prejudicial under the *Chapman* standard. Assuming without deciding that the trial court erred and that *Chapman* applies, we agree with the People that it is beyond a reasonable doubt that the section 273.5, subdivision (f)(1) prior conviction would have been found true.

The evidence submitted to the jury at trial included a certified copy of the abstract of judgment from McKinney's 2014 domestic violence felony conviction; a certified copy of the minutes of a 2014 hearing at which McKinney was recorded as having pleaded guilty to a felony violation of section 273.5; and McKinney's stipulations, for purposes of avoiding other forms of Evidence Code section 1109 evidence, that he repeatedly punched a romantic partner in March 2014 and was sentenced to prison in May 2014 for that offense under section 273.5. Collectively, this unrebutted evidence overwhelmingly supports that McKinney sustained a conviction under section 273.5 in April 2014, which was within seven years of the acts committed in 2020 underlying the present section 273.5 conviction. (§ 273.5, subd. (f)(1).) Notwithstanding McKinney's contention that abstracts of judgment are prone to error, here the certified copy of the abstract of judgment reflects the same April 2014 date of conviction by plea as the date of the certified copy of the minutes from his entry of a guilty plea. McKinney's stipulation that he committed domestic violence in March 2014 and was sentenced to prison for that offense in May 2014 further corroborates the fact and timing of the prior section 273.5 conviction. McKinney directs us to nothing in the record that could rationally lead to a finding that he did not have a qualifying prior section 273.5 conviction for purposes of section 273.5, subdivision (f)(1).

Thus, at resentencing, McKinney's conviction on count one remains subject to the higher sentencing triad provided in section 273.5, subdivision (f)(1).

## DISPOSITION

McKinney's sentence is vacated, and the case is remanded for a full resentencing following any retrial of the aggravating facts, consistent with this opinion.  In all other respects, the judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
HULL, Acting P. J.

/s/
ROBIE, J.